IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Y VIET DANG,** <br> **(A74 516 842)** <br>    **Petitioner** <br><br>   v. <br><br> **CRAIG LOWE,** *et al.*, <br><br>    **Respondents** | **CIVIL NO. 1:CV-10-0446** <br><br> **(Judge Rambo)** <br><br> **(Magistrate Judge Blewitt)** |

## <u>M E M O R A N D U M</u>

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner states he is a long-term lawful permanent resident of the United States and that he was been unlawfully detained by Immigration and Customs Enforcement ("ICE") since February 9, 2010, under the mandatory detention provisions of INA § 236(c), 8 U.S.C. § 1226(c), without being afforded an individualized bond hearing during the pendency of his removal proceedings before the immigration court. He claims the mandatory detention provisions of INA § 236(c) do not apply to him "because ICE did not detain him until almost ten years after his release from prison." (Doc. 1 at p. 2 and Doc. 10, p. 2.)

INA § 236(c) provides "for the mandatory detention of certain criminal aliens" as follows:

> (c) Detention of criminal aliens
>
> > (1) Custody
> >
> > The Attorney General shall take into custody any alien who–

> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(ii), (A)(iii), (B), (C), or (D) of this title,
> (C) is deportable under section 1227(a)(2)(A)(I) of this title on the basis of an offense for which the alien has been sentence[d] to a term of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or deportable under section 1227(a)(4)(B) of this title, **when the alien is released**, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

(Emphasis added.)

Petitioner argues that the clause "when the alien is released" is not ambiguous and does not mean any time after the alien is released. Respondents claim the clause is ambiguous and that deference is due to the BIA's interpretation of § 236(c), as stated in *Matter of Rojas*, 23 I. & N., Dec. 17, 2001 WL 537957(BIA 2001). The magistrate judge to whom this matter was referred filed a report addressing this issue as well as a claim that Petitioner failed to exhaust administrative remedies. The magistrate judge, in a thorough examination of case law, recommended that Petitioner be granted an individualized bond hearing within thirty days; that exhaustion of administrative remedies would be futile and that Petitioner's counsel be granted attorney fees.

Respondents filed objections to the report and recommendation arguing that *Matter of Rojas*, *supra*, is controlling; that the clause "when the alien is released" is ambiguous; and that counsel fees should be denied. The magistrate

2

judge and Petitioner cite to many cases to support their position, none of which are controlling on this court; nor do they cite any Third Circuit opinion directly on-point. This court, however, finds the magistrate judge's analysis and the cases cited to be persuasive.

The court will adopt the recommendation that Petitioner be given an individualized bond hearing but will reject the recommendation that Petitioner's counsel be granted attorney fees. The fact that Petitioner will be a prevailing party does not automatically mean that fees are granted. If the non-prevailing party's position was substantially justified or had a rational ground for thinking it had a rational ground for its actions, fees need not be awarded. *Kiareldeen v. Ashcroft*, 273 F.3d 542, 554 (3d Cir. 2001) (citations omitted). As noted above, Respondents relied on *Matter of Rojas*, which it believes is controlling. There is also an absence of Third Circuit case law. Respondents' reliance on this is not unjustified and, therefore, attorney fees will not be awarded.

An appropriate order will be issued.

                                                  s/Sylvia H. Rambo
                                                  United States District Judge

Dated: May 20, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Y VIET DANG,<br>(A74 516 842)<br>   Petitioner<br><br>  v.<br><br>CRAIG LOWE, *et al.*,<br>   Respondents | : CIVIL NO. 1:CV-10-0446<br>:<br>: (Judge Rambo)<br>:<br>: (Magistrate Judge Blewitt)<br>:<br>:<br>: |

# **O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The court adopts in part and rejects in part the report and recommendation of Magistrate Judge Blewitt.

2) Exhaustion of administrative remedies is deemed futile.

3) The petition for writ of habeas corpus is granted to the extent that Petitioner be given an individualized bond hearing within thirty (30) days.

4) The recommendation that Petitioner's counsel be granted attorney fees is rejected and fees are denied.

5) The Clerk of Court shall close the file.

                 s/Sylvia H. Rambo
                 United States District Judge

Dated: May 20, 2010.